Good morning, Owners. Brett Weaver on behalf of the Appellant, David Tourgeman. This Court should reverse the District Court order granting summary judgment in favor of Nelson and Canard and the other debt collector defendants for two reasons. First, the statement in the debt collector's letters and lawsuit that Tourgeman's original creditor was American Investment Bank, when in fact there is no dispute that his real original creditor was CIT Online Bank, was a false statement that was likely to confuse the least sophisticated consumer. Second, every circuit court that's ever considered this issue, as well as the District Court below, has said that before a debt collection attorney signs a collection letter, he or she must meaningfully review the consumer's file. There is absolutely no credible evidence in this case that Attorney Scott Canard meaningfully reviewed Mr. Tourgeman's file before he signed Nelson and Canard's. Well, isn't it a position not that there was no credible evidence that he reviewed it, but rather that there was a question of fact as to whether he reviewed it? So I understand his declaration. It was, I routinely review these things before the letters go out. A little bit of conflict with his deposition testimony, but I don't think it's fair to say there's no credible evidence. I think it's – isn't your position rather that there's a material dispute of fact? No, Your Honor, because I think the evidence that we presented is enough to demonstrate that there was no meaningful review. So you think you should have gotten summary judgment on the meaningful review issue? Yes, Your Honor. We – Go ahead. We presented evidence, a number of things, including – So did they. I'm sorry? So did they. I mean, I think Judge Hurwitz is right. You've got a deposition from Mr. Canard, and you've got a declaration from Mr. Canard, and one is a little more fulsome than the other, but if you read it closely, it says, this is my normal practice, and why isn't the right result, if you win, to send it back for the judge on the district court to decide whether you're entitled – if we decide they're not entitled to summary judgment, whether you're entitled to summary judgment or whether there are genuine issues of material fact that require a trial? As this Court said in the Rodriguez v. Airborne Express case and a number of other cases, a party cannot win on summary judgment with a self-serving declaration that is too conclusory. The declaration, I personally reviewed the file and deemed it appropriate, is the very definition of a declaration that's too conclusory. It's also even less detailed. It's not whether they can win. It's whether you can win. If we agree with you on every other point, isn't the question, what do the facts show, and isn't the district judge in a better position to decide whether there are genuine issues of material fact based on those two documents, the deposition and the declaration, or whether or not discovery should be reopened so he can determine whether the facts are so minimal that are in dispute or none that are in dispute that you're entitled to judgment, rather than to have us parse the declarations and the deposition? Well, the standard review here is de novo. So I think it is appropriate for you to look at the evidence. Now, if you make the determination that I can't, that we can't decide one way or the other, then I think you're correct. So let's assume that that's where we end up. I want to ask you a question about the attorney. And this has troubled me about the case because I can't, I don't think either side takes it on squarely. There is a complaint that's filed here. That's part of your, on the complaint by the attorney, a debt collection complaint. Right. And part of your complaint is that that complaint was materially misleading. Yes. There is a fact dispute, I take it, about whether or not your client actually paid the debt. There is. Okay. So aside from everything else, isn't there an issue for trial about whether or not the complaint violated the Act? No, Your Honor. The FDCPA doesn't look at whether the debt is valid or not or whether the consumers paid off the debt. Well, no, but are you telling me that a statement that you owe money in a complaint that is wrong is not an actionable statement under the Act? If that was our complaint, if they said you owe $1,500 and we claim, no, we only owe $1,000. Well, but they said, this is what, maybe I'm missing something or this is why I need your help. You were served, your client was served with a complaint that said he owed a bunch of money. Correct. He claims he paid it off. Correct. Why isn't that complaint itself a violation of the Act? It could be, Your Honor. Indeed, your complaint in this case alleges that it is. It initially did, Your Honor, yes. Initially did, did you remove, did you dismiss that claim? We haven't really pursued it because they've dropped the complaint. I mean, they dismissed the complaint. We could have said, correct, you should have not filed the complaint where you alleged to be owing money. So that's what I understand. You are no longer claiming in this case that the complaint filed against your client violated the Act. Correct. And I think it's important to realize the original complaint was an individual complaint. It was shifted to a class action complaint. We couldn't have certified or brought a class action based on the log amount. Okay. I just want to make sure of that because I don't find anything in the record where you've abandoned that claim, but you're telling me you've abandoned it. Yes, sir. Okay. So go ahead, Judge. On the meaningful involvement question, if we were to agree with you on everything else, your reading of the statute, the materiality question, the sophisticated or least sophisticated consumer, do we even have to decide the meaningful involvement question? Do you win if we never reach that question? It's an interesting question. I would like to say no, that you don't have to decide it, but I think you would. I think — Because it's a defense. Well, it's not a defense. It's that the complaint is that the letter, the January 17th letter, was not from an attorney within any meaningful sense of the word. Now, we said that the Second, the Third, the Fifth, the Sixth, the Seventh Circuits have all said that an attorney has to be meaningfully involved. Ninth Circuit has never addressed it. So I would think you would have to say here's the rule and here's why it was violated. But the attorney's meaningful involvement is a defense? No, Your Honor. This is a bona fide error defense. Okay. So let's go back for a second. With respect to the letters that you didn't get until discovery, tell me why under the Act they were received, if you will. The statute prevents a debt collector from using a false representation.   So the fact that a debt collector with a false communication is using a false communication. This Court in the Mahon case involving a different provision of the FDCPA, the notice provision that's required, has said receipt is irrelevant. So that if the letters were never received or never discovered, and in some magical world somebody said to you, you know, In this case, is it enough that you did receive them in discovery, no matter how we resolve that issue? No. No? No. In fact, I would have thought you would say yes to that. If you actually got them during discovery, you didn't amend your complaint to allege them until you discovered them. You certainly would have hoped my, you know, if I could have said yes. But the courts have said, and the issue is would it confuse the least sophisticated consumer. So when it comes to discovery, you had it represented by Kelvin. The issue is the least sophisticated consumer, not your client. Correct. So it doesn't matter whether your client is injured. It doesn't matter whether your client knew. It's that if the least sophisticated consumer gets this kind of a communication, he would be misled or she would be misled. Correct. 1692e cases are decided under the hypothetical lease. Right. No, but I was saying if receipt were required, you did receive them. You just didn't receive them. We received them later on. Later on. But then they wouldn't be confusing because you got them. Because you got them. Okay. But that's the question Judge Friedman was asking, and this is one that I still have. Isn't the measure of what a consumer who got them would think at the time, not the sophisticated attorneys representing a consumer? Exactly. Back to meaningful involvement for a second. You said you think we have to reach it regardless. But your complaint is brought under E2, E3, and E10, right? Correct. And E3 is the only one that requires reaching that issue, and I thought that if you were right on any one of the three subsections of the statute, you win. Again, but all of the sections involve a false representation. And the reason for meaningful involvement is that the letter itself is false because the letter has a false implication that an attorney has meaningfully reviewed. There's no statute that expressly says an attorney who does not meaningfully review, regardless of whether the letter is true or not. The letter has to be false, and it's the false implication. But E2 and E10 deal with false implications. E3 is the only one that references a communication, quote, from an attorney. Correct. And the question is, yes, I'm not trying to talk you out of finding it in my favor, but E2 and E10, it's a false representation. And if you find the letters false, as the courts have said, it can violate any number of provisions of the FDCP. So let's get to the central issue of misleading. Tell me precisely what was misleading about the letters. The letter said is a wrong letter. There's more than one letter, right? There's five different letters. There's five letters. There was three from Paragon Way and then a number of – there's actually seven letters, but there's three from Paragon Way and then four from Nelson and Canard. All of the Paragon Way letters said the original creditor was American Investments. Okay. So to a – I'm trying to put myself in the shoes of this unsophisticated purchaser who knows he's bought something from Dell, who knows that he may or may not owe something to Dell on it, but gets the wrong creditor listed. How material is that going to be? For example, if the creditor was the First National Bank and the letter said the Fifth National Bank, would that violate the Act? I think that would because it would be – assuming there's this thing as the Fifth National Bank, that would – that's a different creditor. If it left out the word First, if it just said National Bank, would that be misleading under the Act? It would be less misleading. I mean, I guess I'm – it seems to me that it's sort of the contrary, that it's the sophisticated investor who would know who purchased his note after he bought Dell, but it's the unsophisticated investor who would simply know that he owed some money and not know his account number. They get a letter that says, you know, description, Dell Computer Corporation. Well, Dell Computer Corporation sells tens of thousands of letters to computers and monitors. Yeah, but doesn't the average unsophisticated consumer only have bought one of them? I mean, so he knows he owes some money to Dell. Maybe. He's not sure which bank has picked this up. Why is this misleading to an unsophisticated consumer? The consumer gets a copy of her contract with – before she even gets her Dell computer. The contract's got a big CIT logo on the top of the page. It instructs the consumer to read the contract very carefully. It says CIT is the lender about six times throughout the contract. So everyone's question is, why would they do it? It's if the debtor wants to verify it, that's where they would go. So let's take this back for a second. Let's assume that CIT is the creditor and it assigns the debt to somebody. Right. Does the letter have to say as S&E for CIT? Well, that's what the point of the current creditor would be. Right. But so here the wrong creditor was listed. Yeah, the correct current creditor was listed. Okay, but why doesn't it say as – if it said as S&E, would that be enough for you? If that's what it said, that the original creditor was blank as S&E of so-and-so? Mm-hmm. Or the original creditor having assigned their debt – I mean, it's S&R, I suppose – having assigned the debt now to somebody else for collection, would that be okay with you? If it was true, yes. So if it said CIT was your original creditor but it's assigned it to AIB, that wouldn't be misleading? Correct, because now you have the starting point. You know where to go back to look, and that's the starting point, which is the contract issued by CIT. Okay, but it's not enough, in your view, to have an accurate S&E. If the contract just said S&E – No, well, let's assume that CIT is the original creditor and it assigns it to Andrew Hurwitz. And so this thing says Andrew Hurwitz is your creditor, and I am because I've taken assignment of the paper. Is that misleading under the Act? If it says original creditor, Andrew Hurwitz, yes. Because it has to say original creditor on the letter. It doesn't have to say original creditor. Okay. And that's sort of the point. So what makes it misleading in your view is that it says original. Correct, because there is one and only original creditor. And so if you want to figure out, and all the courts have said this, the reason why the identity of the original and creditor is important is because it allows the consumer to know what debt you're talking about. It's the reason why it's on the letter. It doesn't – there's no requirement under the FDCPA that they list the original creditor. So I think you've now answered my question. So if the letter says creditor, Andrew Hurwitz, it's not misleading? Well, there are cases that say if it has, you know, creditor, Andrew Hurwitz, current creditor, someone else. That could be because then you don't know which is it, two creditors who own it? No, but my hypothetical was just me. Right. Not misleading because I am now the creditor. And if you are the current creditor, you haven't been assigned it to someone else, that would be perfectly accurate. Now, what about the fact, which you don't seem to emphasize so much in your brief, that the account number is also wrong? That what if it said Andrew Hurwitz, current creditor, enlisted an account number, which was totally foreign to your paperwork in your file showing that it was CIT with a certain account number. Now you've got Andrew Hurwitz with a different account number. That makes the letter doubly confusing because, again, the consumer might go to her filing cabinet and pull out the copy that she's been instructed to keep. And she'd say, wait a minute, this not only doesn't have the right creditor, it's got a wrong account number. So this isn't me. This is a mistake or it's a scam. And so I don't need to respond. You've got about five seconds left. Unless you have something really important to say. I don't. I'll reserve. Thank you. Thank you, Your Honors. Mr. President, may it please the Court, tell me I'm to read it for the defendant and appellee, Nelson and Kennard. With respect to, there's one letter that is at issue in the appeal with respect to Nelson and Kennard. That's the January 17th, 2007. So what are we to do in this case with the, and I know you don't represent them, with the letters sent by the collection agency? You don't care? Well, it's not that I don't care. I know, but I mean, you're not. They're no longer my clients, so I didn't feel like I could speak for them. Okay. The other side has sought to change the judgment below. I understand that. And we have addressed, on behalf of Nelson and Kennard, we have addressed those letters in our appeal. I didn't want to take you off track. So with respect to this. But your letter doesn't make any reference to a Dell computer, to Dell Corporation, right? That's correct, Your Honor. So with respect to that letter, the defense that the average unsophisticated consumer would have picked it up and said, oh, I have no idea who I borrowed money from, and I don't keep track of my account numbers, both of which strike me as maybe accurate with respect to an unsophisticated consumer, also wouldn't know what this referred to. Well, Your Honor, that may be correct. It's not disputed that there's an inaccuracy in the letter. The letter doesn't say the original predator is American Investment Bank. But it does mention the name, American Investment Bank, and that's inaccurate. But isn't the letter misleading in the sense that here's this unsophisticated consumer that we're supposing, gets a letter that says you owe a bunch of money to a bank that you never did business with, with respect to an account number you don't know about, and doesn't even reference what the purchase was for? Why doesn't that violate the Act? Well, the question is really controlled by this Court's decision in Donahue, Your Honor. The question is not whether it's false or misleading. The question is whether it's materially false or misleading. And Donahue teaches us that it's not unless the inaccurate statement would frustrate the ability of the consumer to formulate an intelligent response. And so the question here is would the misidentification of AIB in the letter frustrate a consumer's ability to respond to the letter? The answer is no. The district court correctly held no. There's really only one intelligent response, Your Honor, to a letter that identifies a creditor that you don't recognize. Dispute it. And the best evidence of that really is Section 1692G. The problem with that argument is it basically guts every other part of this statute. There is already a part of the statute which talks about you can call, you can dispute it, you can do this. But everything in E1 through 10 says if something is misleading, then you've been harmed. And the burden is not under this statute on the consumer who gets a letter that he doesn't understand. The burden is on you, your client in Paragon and people like those entities to not provide misleading information. We can't say that every time somebody gets a letter he's confused about, it's his burden to pick up the phone or else we just don't need this statute. Understood, Your Honor. And that's why this Court's decision in Donahue and Section 1692G of the Act are so important to understand and to read together. Again, would the misidentification frustrate the ability of the consumer to intelligently respond? So it can't be. So I want to focus on your argument here. It can't simply be that because the letter has a return address and a phone number and perhaps an e-mail that the Act isn't violated. So what is it about the letter from your client in this case that takes it out of that generic category? Well, what takes it out is that if a consumer receives a letter and it has a creditor in it that it doesn't recognize, the only intelligent response at that point is dispute. And that's no matter what the letter says. Well, no. No, not no matter what the letter says, Your Honor. But that is that Donahue teaches us to focus on the misstatement that has been challenged. Here the misstatement is the words American Investment Bank. And an account number. The account number claim was not fled in the complaint. It was raised for the first time in appeal. But I don't think that that changes the outcome. The question is, this letter has identified a creditor that the least sophisticated consumer doesn't recognize. They should dispute. And Congress understood this when they formulated Section G, Your Honor. They understood that from time to time there were going to be letters sent to the wrong person. There were going to be letters that stated the wrong amount. There might be letters that spread out. There isn't so much that the letters would be this, that, or the other. It's that in the business, there's nothing unusual about debts being sold from one to another to another to another. Debts move around. If a person's got a million debts, then he doesn't know who he owes. But if he owes only a few people and he gets enough information to say, here, pay up, how is he confused? I mean, I agree. And the intelligent response to a letter that he – I thought that would be something you might agree with. The intelligent response to a letter Congress understood was dispute. In fact, if you don't dispute when you get a new letter, it's presumed valid by the collector. But let's get back to my question. So what is there since – is every letter with a return address one that you can call back and say, I have no idea what this is? No letter with a return address violates the Act? No, that's not our position, Your Honor. But certainly giving a return address and a phone number does not frustrate the consumer's ability to respond to the letter. It would help your ability to respond. It certainly doesn't frustrate it. If our letter said, look, if you dispute this debt and you call us, we're going to double the amount, that would be material. That would be a statement that would – whoa, the debtor is going to go, wait a minute. They say I can dispute the debt. They're also saying that if I call, they're going to increase the amount. Now I don't know what to do. I don't – What's your hypothetical? If the letter says you can call us, but if you call us, we're going to double the amount? Yes. So that's the only time the statute that Congress spent all this time and effort passing with these ten subparts talking about misleading statements, that's the only time it triggers it? Not at all, Your Honor. But that would be one instance where underdone if you – In other words, only if the letter penalizes you for engaging in self-help is the statute violated? No, Your Honor. Only if the – this Court has held only if the letter frustrates your ability to choose an intelligent – Well, that's the test under Donahue and Hahn. The question is we have different facts here than faced the Ninth Circuit in Donahue. We can still apply the test, and we don't necessarily reach the same result that was reached in Donahue. Understood. And the point of the appellee is the district court got it correct because under the circumstances of this case, the intelligent response to that letter was to call with a dispute or dispute it. Or to do something. To do something. That's right. I mean, we don't even get to analyzing the letter if we address the standing issue. And that's an important part of our brief. Lujan and the cases under Article III teach us that you must have injury in fact in order to – But Worth v. Selden and this Court's decision in Robbins says that Congress can, by statute, say that a statutory violation equals injury in fact, and you don't need anything else. Absolutely, Your Honor. But there must be some interaction between the defendant and the plaintiff, and here there is none. It seems to me that what you're really arguing is not the absence of standing, but the absence of damage. No, that's not – Or the absence of statutory damage. In other words, what you're saying is you wouldn't be arguing the absence of standing if Mr. Gershman had received this letter and then immediately filed suit, right? Correct. So what you're really arguing is that the statute doesn't allow him to file suit under these circumstances because he only found the letters in discovery. I'm saying the statute does not only allow, like any other statute, only allows someone who has injury in fact. Well, what if the statute said, just by way of hypothetical, the statute says anybody who receives the letter, whether during a lawsuit or before, may sue and doesn't have to have any damage. You wouldn't think there wasn't an Article III standing, would you? I'm sorry. Well, let's assume that the statute expressly contemplated somebody suing under these circumstances, that never received the letter but brought a lawsuit for some other purposes and then discovered the letters during the lawsuit. Would that be – would that person have Article III standing? If there's been no interaction between the defendant and the plaintiff. Well, no. Don't change my hypothetical on me. My hypothetical is the defendant sends the letter, he gets sued for some other reason by the plaintiff, and during the discovery process of the lawsuit, the plaintiff discovers the letter. And then the plaintiff – and the statute says that's perfectly okay, that's a good reason to sue. You wouldn't be arguing the absence of Article III standing, would you? Not if that's the way that the statute – So my point is that what you're really arguing is that the statute doesn't provide for a lawsuit under these circumstances, right? Both the statute and Article III, Your Honor, do not – do not allow a consumer – But Congress couldn't provide for standing under my hypothetical if Article III barred it. So it's got to be the statute, doesn't it? I mean, since you agreed to my – I mean, I'm not sure it makes a big difference to your argument, but what you're really arguing is that the statute doesn't allow a lawsuit under these circumstances, aren't you? No. This part of my argument, Your Honor, is that there is no standing. You cannot – There's no Article III standing. Yes, Your Honor. Then it seems to me you have to answer my other question by saying if the statute said that, it would be unconstitutional. I don't think the statute could say exactly what Your Honor has posed. I don't think that would be the case, because all of the cases presuppose that there's been some invasion of a legally protective right. And if you never – if a letter is mailed to a different country and you don't know about it and you never get it, there's no invasion of your legally protected right. Once again, I hate to keep changing the facts on you, but I think it goes to your argument. Let's assume that the defendant – the plaintiff gets the letter and says, I don't care. I don't pay my debts. Does he have statutory standing to sue? If he gets the letter and says – looks at it and says, doesn't make any difference to me. I'm never going to pay anything anyway. Yes. He would have – he would have standing to sue because he received the letter, even if he owes the money. So your argument turns entirely on receipt of the letter, then? That's right. In this case – And they did receive the letters here in a strange way. They received them – he did receive them. Receiving them through his attorney who found them during discovery. And, of course, under this Court's decision in Guerrero, that's not actionable, because this Court has already decided that when a consumer – when a consumer's communication, that's not actionable under the FDCPA, because a lawyer is different than a consumer. So that wouldn't help him under this circumstance. Why don't you tell us what you think this Court's bottom line should be in this matter? I know affirmed is what you want it to be, but what – before we say affirmed, in your view? Well, I don't – I'll leave standing. I think that the Court – two things. I think the Court correctly found there was no material misstatement. I think we've covered – we've covered that to a certain extent already. On the 1692E3 claim, the meaningful involvement claim, this Court has said over and over and over again that you read the plain language of the FDCPA like any statute, and that's what you imply – that's what you apply, excuse me. And you don't go any further. And this letter was from Nelson and Kennard and signed by an attorney. Not really. You get a letter from a lawyer, and suddenly, I think the Seventh Circuit said it, the stakes go up. I mean, I remember when I was in private practice and somebody – some friend would call me frustrated that they'd been trying to solve something with somebody that had sold them a product or done something. And would you write a letter on your letterhead? Why do people ask you that? Because you know that when a letter from a lawyer comes, the stakes have gone up dramatically because it's a lawyer, at least implicitly, threatening to sue. A lawyer can only be threatening to sue if that lawyer was meaningfully involved in making a judgment about the legal merits of his client's situation. So it's just totally different than a collection agency or somebody else writing one. Well, all those things you said are correct, Your Honor. The question here is, does the FDCPA govern this or not? And our point is, if you read the plain language of the FDCPA, it just says the letter must be from the attorney. So the inquiry really starts and ends there. Once you go down the road of having courts and juries and consumers second-guess what a lawyer has done on behalf of their client before that lawyer has decided that it was a good idea to send a letter, you're out into a land that the FDCPA was not meant to regulate. So, again, so take it backwards. What letter signed by an attorney would be actionable under this Act? Well, if it did not come from the attorney, like this. It's the only one where somebody falsely signed the attorney's name. That's right. The attorney otherwise has complete immunity under this Act to send out letters as long as he reads them. If it originates from him, if he's the source of the letter, then he can send. What if his secretary has a stamp with his or her name on it and the attorney never sees it at all and she just sits there stamping things all day and sending them out? That could be a different result. A court might find that's not from him because he didn't. Because he had no meaningful involvement. Because the letter is not from him. It's from a non-lawyer. It's from a non-lawyer. It's from his staff member. But there are lots of things that non-lawyers and law firms can do, and it's perfectly legitimate, so long as they're properly supervised by the lawyer and the lawyer has meaningful involvement. I agree. And many of the cases point to the fact that lawyers do get assistance from non-lawyers in connection with making their communications. I know your time has expired, but I do have one question. It's the first one I asked your opponent. Is it your understanding also that the complaint filed in court against the appellant in this case is no longer the subject of lawsuit? I heard that for the first time. So did I. That's why I'm asking you. No, I assumed it was part of this appeal, and we argued why it was. You did, and that's why I'm asking. Now, with respect to that complaint, I take it your defense is simply that you don't think it was materially misleading? It is, Your Honor, because for the same reason. The only misstatement they've identified in the complaint is the identity of the original plaintiff. And a misstatement as to the amount owed would be actionable or would not be actionable in your view? It could be actionable, Your Honor, but that's not on appeal. They've abandoned that. That's what I'm trying to figure out. That part of their claim they've abandoned. Okay. Because there does seem to be a fact dispute below about whether or not the debt was paid. It might have been, but they abandoned that issue on appeal. The only thing on appeal with respect to my client's letter is, was it from an attorney or not? And the complaint, the only issue is, did this identification of the creditor, would that materially impact your ability to respond? Thank you. I'll give you a minute to end rebuttal. And I apologize. I may have misunderstood your question. I understood your question to be, was the fact that the letter had the or, excuse me, the lawsuit had the wrong amount in it, was that part of the appeal? And that's not. You both agree that's not. Correct. The lawsuit, however, still is part of the appeal to the extent that it identified the wrong original creditor. And that turns on the same issues as the letter. Correct. Okay. And I want to address your point that, to me, and I don't mean to put words in your mouth, is sort of the sticking point, and that is that the unsophisticated or least sophisticated consumer wouldn't know who his original creditor is. And this Court, beginning in Donahue and then again in Gonzales and most recently in the Evan case, has made terms to describe the least sophisticated consumer. So, you know, they're not a dimwit. They're naive, they're gullible, but they're not a dimwit, and they have a basic level of understanding. I don't think we should add to that description that when they get a contract, that couldn't be clear as to who their original creditor was. They either don't understand who their original creditor is or they don't care or that they don't remember. And there's a reason why. And it's the same reason why Congress requires debt collectors to give consumers the name of the original creditor if they ask for it, because it is important. It's what the most basic information about the debt that allows the consumer to decide, is this my debt? Thank you. Thank you. I will thank both counsel for their briefs and arguments, and this case will be submitted.
judges: Friedman, Farris, Hurwitz